CITY OF COLUMBUS, APPELLEE, *v.* HAGWOOD, APPELLANT.

(No. 84AP-104—Decided June 7, 1984.)

*Mr. Gregory S. Lashutka,* city attorney, *Mr. Ronald J. O'Brien* and *Mr. David E. Tingley,* for appellee.

*Mr. Theodore R. Saker,* for appellant.

STRAUSBAUGH, J. This is an appeal by defendant, Jackie Hagwood, from a conviction in the Franklin County Municipal Court for the offense of criminal trespass, in violation of Columbus City Code Section 2305.04 which provides in part:

"(A) No person, without privilege to do so, shall do any of the following:

"(1) Knowingly enter or remain on the land or premises of another;"

There is no transcript of proceedings in the record; however, counsel for both parties agree to the following stipulations of fact which are summarized as follows:

The land and premises of 2234 Delavan Drive were owned by HUD and were under the control of R. S. Bachman Realty Co. The defendant entered onto the land, more particularly the front lawn and driveway area near the dwelling, without the consent of either HUD or R. S. Bachman Realty Co., and "No Trespassing" signs were clearly posted on the building. Roger Burke, a codefendant who pled guilty earlier to the charge of criminal trespass, testified for the prosecution that he was driving on a public thoroughfare when he noticed the defendant in front of the property; that he stopped his car, had a brief conversation with the defendant; and that at no time did the defendant actually enter the house.

Police Officer Donald Schwind testified that, when he was called to the

scene on a radio dispatch, he observed two males standing within several feet of the front steps of the subject property; that, as he approached, the defendant ran from the scene; that the other male, Burke, was apprehended and arrested for trespass; and that Burke gave the officer the name of the defendant. The defendant testified that he observed the "No Trespassing" signs but chose to ignore them because "everyone" used the property as a shortcut. The whole contention of the defense in closing argument was that merely walking on the property was not trespassing, but, rather, the defendant would have had to enter the locked dwelling in order for a trespass to occur.

In his appeal, the defendant sets forth the following three assignments of error:

"1. The trial court erred in its misconstruction of the ordinance involved in this case.

"2. The trial court erred in its failure to observe the statutory and case law controlling the formulation of an indictment, information or affidavit charging an offense.

"3. The trial court erred in its decision in this cause as the same is constitutionally abhorrent."

The argument of the defendant is basically the same for all three assignments of error, namely, that there is no evidence that puts the defendant into the subject premises; that "land" and "premises" are not one and the same or synonymous; and that the defendant was not charged with trespassing on "land," but, rather, was charged with trespassing upon the "premises." The defendant in his brief admits "the facts are beyond dispute that the appellant DID trespass upon said land."

Webster's Second New International Dictionary (1956) 1388 defines *land* as:

"11. *Law: a* Any ground, soil, or earth whatsoever, regarded as the subject of ownership, as meadows, pastures, woods, etc., and everything annexed to it, whether by nature, as trees, water, etc., or by man, as buildings, fences, etc., extending indefinitely vertically upwards and downwards."

*Premise* is defined at 1951 as:

"4. *pl. Law.* The property conveyed in a deed; hence, in general, a piece of land or real estate; sometimes, esp. in fire-insurance papers, a building or buildings on land * * *."

Columbus City Code Section 101.03 (r) defines *premises:* "The word 'premises' when used as applicable to property shall extend to and include land and buildings." The use of the words "land or premises" in the subject ordinance is a redundancy in that premises includes both "land and buildings." The fact that there is a redundancy does not change the meaning of the ordinance. The language in the ordinance is clear and easily understandable by people of ordinary intelligence. For the foregoing reasons, all three of defendant's assignments of error are not well-taken and are therefore overruled, and the judgment is affirmed.

*Judgment affirmed.*

WHITESIDE and MOYER, JJ., concur.